**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00518-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Kevin Jon Cummings, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Early Termination of Supervised Release. (Doc. 249.) Defendant asks that the Court terminate his term of supervised release because he has satisfied his monetary penalties. (Doc. 249.) The Government did not file a response in opposition. For the following reasons, Defendant's Motion will be denied without prejudice.

**I.  Background**

On May 12, 2020, Defendant pled guilty to False Statements Related to a Social Security Matter, in violation of 42 U.S.C. § 1307(a). (Docs. 210, 211, 242.) Defendant's plea agreement provides for a stipulated sentence of six months of incarceration followed by one year of supervised release. (Doc. 211 at 3.) The plea agreement further provides that Defendant shall pay restitution of $305,371.20, a fine of $200,000.00, and a special assessment fee of $25.00. (*Id.* at 2-3.) The plea agreement states: "If the defendant satisfies all his monetary penalties and is otherwise in compliance with his conditions of supervised release, the government will not oppose a motion for early termination of supervised

release." (*Id.* at 3-4.)

On October 6, 2020, the Court sentenced Defendant in accordance with his plea agreement to a six-month term of imprisonment followed by a one-year term of supervised release, and ordered him to pay restitution of $305,371.20, a fine of $200,000.00, and a special assessment fee of $25.00. (Doc. 242 at 1.) On October 9, 2020, Defendant paid the restitution and fine in full. (Doc 249-1.) On October 14, 2020, Defendant paid the special assessment fee. (*Id.*) On April 7, 2021, Defendant self-surrendered to the custody of the Bureau of Prisons ("BOP") for service of his term of incarceration. (*See* Doc. 247.) The BOP's inmate locator indicates that Defendant is currently in BOP custody with a projected release date of October 5, 2021.[1]

**II. Discussion**

In the instant motion, Defendant avers that early termination of his supervised release is warranted because "he has satisfied all financial obligations." (Doc. 249 at 2.) After revisiting the docket, the Court finds that while Defendant may have satisfied his financial obligations, he has not satisfied all the stipulations of the plea agreement to warrant early termination of supervised release. Specifically, because Defendant filed the instant Motion before his term of supervised release began, the Court has no means of finding that Defendant has been "in compliance with his conditions of supervised release." (Doc. 211 at 3-4.)[2] Therefore, early termination of Defendant's supervised release is unwarranted at this time.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited June 22, 2021).
[2] Defense counsel has informed chambers that Defendant is scheduled to be released to home detention any day pursuant to BOP policy. The Court notes that "a prisoner's term of supervised release does not begin when he is on home confinement while still serving his federal sentence, because he remains in BOP's legal custody during that time." *United States v. Earl*, 729 F.3d 1064, 1066 (9th Cir. 2013).

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Doc. 249) is **denied without prejudice**.

Dated this 22nd day of June, 2021.

_____
Honorable Rosemary Márquez
United States District Judge